UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL,                    )<br>                                                        )<br>         Petitioner,                    )<br>                                                        )<br>vs.                                                   )<br>                                                        )<br>JACK PALMER, *et al.,*              )<br>                                                        )<br>         Respondents.                 )<br>_____/ | 3:10-cv-00098-LRH-RAM<br><br>**ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is petitioner's motion for a preliminary injunction demanding his immediate release. (ECF No. 22.) Respondents have opposed the motion. (ECF No. 23.)[1]

Petitioner argues that because he is likely to succeed on the merits of his petition and will suffer irreparable harm if he remains incarcerated, the court should order his release from prison. Respondents, on the other hand, contend that petitioner fails to present a basis for his release and that his sole avenue for seeking release from prison is via a writ of habeas corpus.

---

[1] Petitioner has also filed a motion in which he argues that the court should grant his motion for a preliminary injunction because of respondents' failure to oppose the motion. (ECF No. 25.) As indicated, respondents have in fact filed an opposition. Although petitioner contends that respondents did not properly serve him with the opposition, respondents' opposition contains a certificate of service that appears to show that petitioner was served. In any event, as discussed below, because petitioner is not entitled to relief on the merits of his motion for a preliminary injunction, this motion is moot.

In seeking his release from prison pending the disposition of his habeas corpus petition, petitioner has addressed the standard for obtaining a preliminary injunction. However, because petitioner seeks an order declaring his sentence illegal and directing his immediate release from custody, the court construes his motion as a request for enlargement on bail pending resolution of the petition and will evaluate petitioner's motion under the applicable standard for that type of motion rather than the preliminary-injunction standard.

The Ninth Circuit has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Every circuit that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist. LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, the petitioner must demonstrate: (1) that the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City*

*of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of his claims are so strong as to indicate a high probability of his success. Additionally, petitioner fails to show that exceptional circumstances exist that require his immediate release pending disposition of his habeas petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for a preliminary injunction (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for judgment (ECF No. 25) is **DENIED as moot**.

DATED this 9th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3