# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAMARR ROWELL,

  Petitioner,

v.

JACK PALMER, et al.,

  Respondents.

Case No. 3:10-cv-00098-LRH-WGC

**ORDER**

  Petitioner has filed a motion to deny preclusive effect to state court judgment as void (ECF No. 62) and a motion to set aside order denying habeas petition (ECF No. 63), pursuant to Rules 60(b)(6) and 60(d)(3) of the Federal Rules of Civil Procedure. In state court, petitioner was convicted of burglary and possession of a credit card without the owner's consent, and the state court adjudicated petitioner as a habitual criminal under Nev. Rev. Stat. § 207.010. Petitioner now argues that his judgment of conviction is invalid because the state district court did not impose sentences both for habitual criminality and for the underlying charges.

  Petitioner has not demonstrated a fraud upon the court under Rule 60(d)(3). Nev. Rev. Stat. § 207.016(1) states, "A conviction pursuant to NRS 207.010 . . . operates only to increase, not to reduce, the sentence otherwise provided by law for the principal crime." The statute says nothing about imposing two penalties. Contrary to petitioner's argument, state law does not allow for a penalty on the principal crime and then a penalty for being a habitual criminal. There is only one penalty. The habitual-criminal penalty supersedes the stated penalty for the principal crime. Staude v. State, 908 P.2d 1373, 1377 (Nev. 1996). See also Cohen v. State, 625 P.2d

1170, 1172 (Nev. 1981); Lisby v. State, 414 P.2d 592, 595-96 (Nev. 1966); Hollander v. State, 418 P.2d 802, 807 (Nev. 1966).

Two reasons exist to deny the motions under Rule 60(b)(6), to the extent that the above paragraph did not dispose of his arguments. First, petitioner must file a Rule 60(b)(6) motion within a reasonable time after entry of judgment. The court entered judgment on January 30, 2013 (ECF No. 42). Petitioner filed his motions on August 20, 2018. Petitioner could have presented his argument, frivolous as it is, long before he actually did. The motions are untimely.

Second, petitioner's arguments actually are a new claim, not presented in the habeas corpus petition. The motion thus effectively is a second or successive habeas corpus petition. Petitioner has not obtained authorization from the court of appeals to pursue such a petition. See 28 U.S.C. § 2244(b)(3).

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's motion to deny preclusive effect to state court judgment as void (ECF No. 62) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion to set aside order denying habeas petition (ECF No. 63) is **DENIED**.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED this 12th day of October, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE